## No. 6312.

ADOLPHE BOUCHARD VS. E. T. PARKER, PUBLIC ADMINISTRATOR.

An action against a succession, for the recovery of movable property or of a fund susceptible of identification, is an action of revendication, which might not be defined to be a real action, but is closely allied to it.

In the parish of Orleans, a court of ordinary jurisdiction, and not the Second District Court, has jurisdiction of such an action.

A judgment of the Supreme Court of the United States, rendered on appeal from the Court of Claims, constitutes *res judicata* in the courts of Louisiana, in a suit between the same parties, who were claimants against the United States, when said suit presents the same issues that were raised by the parties *inter sese* in the Federal Court.

APPEAL from the Fifth District Court, parish of Orleans. *Cullom,* J.

M. C. Dunn and Ellis & Ellis for plaintiff and appellant :

The suit brought in the Court of Claims and decided on appeal by the Supreme Court of the United States was against the United States, and was brought on a tort. The present suit is against the representative of Elgee's estate, and is based upon a contract. The parties are not the same, the cause of action is not the same, the object of the suit is not the same. Not one of the elements of *res judicata* can be found in plaintiff's demand.

The Court of Claims could have no jurisdiction, under the Constitution of the United States, to decide *inter se* the rights of this plaintiff and this defendant, who are both citizens of Louisiana, and the courts of this State should take cognizance of this fact and decree accordingly.

This suit is not a probate cause, and the Second District Court for the parish of Orleans has no jurisdiction. It is a suit of revendication of movable property ; the question is one of title to property ; the parties are entitled to a jury, if they ask for it ; it is in fact a real action, and the case can only be decided by a court of ordinary jurisdiction. On the subject of revendication of movable property by the real action, see Pothier, vol. 8, p. 237, § 1, sec. 282. Also, Bonjean, Traité des Actions, vol. 2, p. 66, § 275.

John Finney, Henry C. Miller, and Branch K. Miller for defendant and appellee :

The Supreme Court of the United States has finally settled the rights of the parties to this suit, on an appeal from the Court of Claims. The plaintiff is distinctly attempting to revive in the Louisiana tribunals a litigation closed by judgment of said Supreme Court of the United States, and to put again in issue the title adjudged by the same decree to be no title. The plea of *res judicata* should clearly prevail.

Plaintiff's demand is one for money against a succession, and the Second District Court for the parish of Orleans alone has jurisdiction, by special statute.

Moreover, the fund claimed being already under the control of the same Second District Court, no other courts can adjudicate upon it. 6 Wall. 166 and 196 ; 20 How. 583 and 595 ; 1st Kent's Comm. 12th ed. 1st §, p. 410, note at foot.

---

The opinion of the court was delivered by

Todd, J. The plaintiff brought suit in the Fifth District Court of the parish of Orleans, claiming the proceeds of 572 bales of cotton. It was alleged in the petition that the cotton originally belonged to the late John K. Elgee, was sold during the late war by Elgee's agent to C. S. Lobdell, and by virtue of subsequent assignments the plaintiff became entitled to the proceeds of it. That the cotton was seized by the United States forces in 1864, sold, and its proceeds paid into the treasury. That suits were instituted before the U. S. Court of Claims by Woodruff & Co., of whose rights plaintiff was the assignee, and by the executrix of Elgee's estate for these proceeds, and that the Court of Claims had decided in favor of Woodruff & Co.; but that, subsequently, this decision had been reversed by the Supreme Court of the United States, whose decision was that the funds belonged to Elgee's succession, and which funds at the time of bringing the present suit were, it was alleged, in possession of E. T. Parker, who was administrator of the succession of Elgee.

Defendant pleaded the exceptions of *res judicata*, and want of jurisdiction in the Fifth District Court to entertain the suit *ratione materiæ*, and alleging that the Second District Court alone had jurisdiction of such a suit.

The exceptions were, by consent, tried together, and were sustained, and the plaintiff has appealed.

We presume that the agreement for the trial of the exceptions both of *res judicata* and as to the jurisdiction was made from a disposition of the parties litigant to terminate the controversy. The proceeding is somewhat anomalous in a court deciding that it had no jurisdiction of the cause and then exercising jurisdiction by deciding the plea of *res judicata*. If the court had no jurisdiction, the only legitimate order it could have rendered would have been to dismiss the suit.

From the view we have taken of the case it becomes necessary that we should review the decision on both the legal points involved.

We do not consider the exception as to the jurisdiction well taken. Had the suit been brought for the cotton itself, there is no question but that it would have been properly brought in the Fifth District Court. The suit is not for the cotton, but to recover its proceeds. Had these

proceeds, after the sale of the cotton, been passed into the treasury of the United States and been mingled indiscriminately with the funds in the treasury, and the amount of the same, if in money, subsequently paid over by the United States to the legal representative of Elgee's succession, so as to render it impossible to identify the particular fund arising from the sale of this cotton, then it would present the question whether plaintiff was a creditor of that succession on account of the conversion or withdrawing of money to which he was entitled. For the purpose of this exception, however, we must take as true the allegations of the petition, which are in substance, that the cotton was sold at public auction and the proceeds applied and invested in interest-bearing bonds of the United States. It is, then, a suit not for so much money, alleged to be owing by the succession of Elgee, but for the recovery of this fund, or these bonds representing it, and which are presumed to be easy of identification. Now an action of this kind, although . it might not be defined to be a real action according to the definition of our Code of Practice, since a real action proper, by the terms of the Code, would seem to be confined ·to suits for the recovery of land or a real right, yet it is a species of action closely allied to such action, and fully recognized in the French jurisprudence, from which we derive our system of practice.

Thus, Pothier, vol. 8, p. 237, § 1, sec. 282, says : "Quelles choses peuvent être l'objet de l'action en revendication ? Toutes les différentes choses particulières, dont nous avons le domaine de propriété, peuvent être objet de l'action de revendication, les meubles aussi bien que les immeubles." See, also, Bonjean, Traité des Actions : "Il semble donc qu'on pourrait définir l'action réelle, celle qui repose sur la violation d'un *jus in re,* et l'action *personelle,* celle qui repose sur la violation d'un *jus ad rem.*" This is an action founded evidently upon an alleged *jus in re,* an action of revendication.

The plea to the jurisdiction should, therefore, have been overruled.

We come next to the plea of *res judicata.*

Article 2286 of the Civil Code declares : "The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same ; the demand must be founded on the same cause of action ; the demand must be between the same parties, and formed by them against each other in the same quality." As more tersely expressed : *Eadem res, eadem causa, eadem conditio personarum.*

The thing demanded before the United States tribunals was the fund arising from the sale of the cotton sued for in this case ; the cause of action was the alleged sale from Elgee of the cotton in question, which is also relied on in this suit as the basis or origin of plaintiff's

right to the proceeds of the same ; the demand is between the same parties; for Woodruff & Co. were the assignors to plaintiff of their rights in the cotton, derived originally from the alleged sale, and was likewise a member of the firm of Woodruff & Co., and the effect of *res judicata* has always been held to extend to the successors of the *ayant cause*, the assignees of the parties, and all those who claim through them, 8 An. 126 ; and the quality or capacities of the parties are the same, the succession of Elgee being represented in the United States courts by its executrix, and in this suit by its administrator.

It would seem from this statement that the facts and issues recited would present a complete and perfect case of a thing adjudged, and support fully the plea urged.

It is, however, contended by the counsel for the appellant, that in the proceeding before the United States courts there was no issue joined between the parties *inter sese* by interpleader or otherwise, but that separate suits were instituted by Elgee's succession, and by the plaintiff's firm of Woodruff & Co. against the United States to test the right of each party as against the United States to the funds in question.

We find, however, from an examination of those proceedings, that these separate suits were consolidated and tried together, and but one judgment rendered in the matters at issue therein. This action of the court necessitated a trial of the respective rights of the two claimants to the fund in controversy. If it decided that the United States was without right to the fund, it was necessarily compelled to decide to which one of the claimants it did belong. A decision that it belonged to the succession of Elgee excluded by necessity the idea or claim that it belonged to Woodruff & Co. And although the issue between the contending claimants may not have been joined, and the pleadings conducted according to the practice of our courts, yet from the very nature and circumstances of the case the issue was made and tried, and it is to be presumed that every opportunity was afforded to the rival contestants to establish their respective rights.

To ascertain what was decided in the Supreme Court of the United States, with a view to determine the bearing of such decision upon the question before us, we must look to the record of the Court.

This is the statement of the case we find : " Appeals from the Court of Claims, in which the representatives of one Elgee claimed the net proceeds in the treasury of the United States of the sale of certain cotton, under what is known as the captured and abandoned property act ; the right of said Elgee being disputed by a firm of Woodruff & Co., and also by a certain Mrs. Nutt, executrix of one Haller Nutt, M. D., both of *which parties claimed adversely to Elgee and to one another.*"

And, again, we quote from the decision : "The fundamental ques-

tion, in all the cases, is, whether Elgee parted with the ownership, by either of the contracts under which the different parties claim."

Be it noted, that Woodruff & Co. in that proceeding relied on the same contract to establish their claim that is made in this suit the basis of their demand.

And, again, the Court say : "We are then to inquire whether either Woodruff & Co., or Haller Nutt, had acquired the ownership of the cotton prior to its seizure by the agent of the United States ; for if either of these parties had become the owner and entitled to the proceeds of its sale before that date that party is .entitled to a judgment for the same remaining in the treasury after the deductions are made provided by the statute. If, on the other hand, neither of those parties has shown that Elgee parted with his title ; if the ownership remained in Elgee until after the seizure and until his death, his representatives are the only persons that are authorized to sue for the proceeds of the cotton in the Court of Claims, for they only are the owners, whatever equities may exist in favor of the parties who contracted to buy."

And again : "In our judgment, therefore, the contract of July, 1863, contract under which Woodruff & Co. claimed in that proceeding, and the plaintiff in this, must be regarded as only an agreement to sell, and not as affecting a transfer of the ownership. It left the property of Elgee where it was before."

*           *           *           *           *           *

"This disposes of the whole case. The property in the cotton was in Elgee, and neither of the contracts proved divested him of his ownership. The result is that his personal representatives are entitled to a judgment for the entire proceeds of the cotton held in trust for the owner." 22 Wall. 180.

It will be seen from the above quotations that the identical question presented by the pleadings in this case for decision was before the United States Supreme Court, and was by that Court expressly and finally decided.

It is, however, contended, that the Court of Claims had no jurisdiction of the case, because it was a matter of controversy between citizens of the same State, and we are asked to decide that the Supreme Court of the United States rendered a final judgment in a case in which it had no jurisdiction, and to treat its decision as an absolute nullity. The plaintiff not only submitted to the jurisdiction of the Court of Claims, but provoked it, made no objection, so far as the record discloses, when the different suits were consolidated and the issues between the contesting parties tried together, and one judgment rendered in the case. It is admitted that the court had full and complete jurisdiction as between the claimants and the Federal Government ; it then became,

as we have shown above, an incident, a necessity, in the exercise of this acknowledged jurisdiction to determine the question of right between these contesting claimants. Besides, it is well settled that when a court has no jurisdiction of a case *ratione materiæ*, and the case is appealed, the appellate court is bound to notice *proprio motu* this want of juris-diction and dismiss the suit. In this instance the Supreme Court of the United States not only did not so declare a want of jurisdiction, but exercised jurisdiction by deciding every issue involved in the case, and the judgment thus rendered is, therefore, as conclusive upon the question of jurisdiction as upon any other point determined, and its decision upon this question, thus given, is binding on us.

The plea of *res judicata* was therefore well taken and properly maintained.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be affirmed with costs.

Rehearing refused.