984 So.2d 181 (2008)
Darren J. BOYKINS
v.
Tremekia J. BOYKINS, et al.
No. 2007-CA-0542.
Court of Appeal of Louisiana, Fourth Circuit.
April 30, 2008.
*182 Darren J. Boykins New Orleans, LA, In Proper Person, Plaintiff/Appellant.
Court composed of Judge JAMES F. McKAY III, Judge EDWIN A. LOMBARD, Judge LEON A. CANNIZZARO, JR.[*]
JAMES F. McKAY, III, Judge.
The appellant, Darren Boykin, appeals the October 20, 2006 judgment of the trial court granting the appellees', Tremekia J. Boykin, Roderick Patrick and Patrick & Associates, L.L.C., peremptory exception of prescription pursuant to Louisiana Civil Code Article 3492.
FACTS AND PROCEDURAL HISTORY
On October 25, 2002, appellees filed a supplemental petition, pursuant to a judgment for interim spousal support, requesting a writ of fieri facias be issued against the appellant to satisfy the judgment in the amount of eighty-nine thousand dollars ($89,000), plus judicial interest, costs and an additional twenty thousand dollars ($20,000) each month due on the 10th of each month; the trial court issued the writ. On or about October 30, 2002, in accordance with the writ of fieri facias, the Civil Sheriff for the Parish of Orleans and appellees' attorney, Roderick C. Patrick, came to the appellant's place of business *183 and seized numerous items in satisfaction of this judgment. The appellant alleges that the items seized were: one gold ring valued at two hundred fifty dollars ($250.00); one Canon 586878 Camera valued at two hundred fifty dollars ($250.00); a Rolex watch valued at seven thousand five hundred dollars ($7,500); one gold link bracelet valued at two thousand five hundred dollars ($2,500); Eighty dollars ($80.00) from Fidelity Bank; and a Mitsubishi Diamante valued at twenty-seven thousand dollars ($27,000).
As a result of this seizure, on December 11, 2003, Darren Boykin ("appellant") filed a petition for damages and wrongful conversion against the appellees, Tremekia J. Boykin, his former wife, Roderick Patrick, her attorney, and Patrick & Associates, L.L.C. The appellant claims that this was a violation of the Fair Debt Collection Practice Act (15 U.S.C.A. § 1692(A), 1692(d) and 1692(E)).
On October 20, 2006, pursuant to the appellees' peremptory exception of prescription, the matter was heard and the appellees' exception sustained. The trial court in its reasons for judgment found that the matter was subject to a one year liberative prescriptive period pursuant to La. Civ. C. art. 3492. The trial court found that appellant's alleged injury occurred on or about October 25, 2003. Appellant did not file his petition until December 11, 2003. The trial court also determined that the alleged wrongful seizures were in accordance with a valid judgment, a writ of Fieri Facias.
In the appellant's opposition to appellees' exception of prescription, he argues that his petition is premised upon on a revendicatory action brought to protect the rights of ownership in moveable property, which does not prescribe, not a delictual action which has a one year liberative prescription. The trial court in its reasons for judgment addressed this argument as follows:
In Duel[Dual] Drilling Co. v. Mills Equipment Investments, Inc., the La. Supreme Court determined that the revendicatory action is an action for the recovery of a moveable transferred; 1) by the owner or legal possessor to a person in bad faith; 2) for less that [sic] fair value; or 3) when the moveable was lost or stolen. Duel[Dual] Drilling Co. v. Mills Equipment Investments, Inc., 721 So.2d 853 (La.12/1/98). Here, plaintiff claims that his moveable property was wrongfully seized by the Civil Sheriff for the Orleans Parish. However, subsequent to obtaining a valid Judgment, defendants correctly filed a Writ of Fieri Facis against the plaintiff to satisfy that Judgment. The Writ of Fieri Facis was granted by the Court and the Civil Sheriff seized plaintiff's moveable property in good faith. Thus, the Court finds that plaintiff's action does not meet the elements of a revendicatory action.
It is from this judgment that we address this appeal.
ASSIGNMENTS OF ERROR
The appellant forwards two assignments of error for review. Appellant first argues that the trial court erred as a matter of law by being prejudicial and refusing to allow appellant an opportunity to bear the burden of showing the action had not prescribed. Secondly, the appellant argues that the trial court erred as a matter of law by applying the incorrect principles of law and failing to recognize that revendicatory right are imprescriptible.
STANDARD OF REVIEW
In London Towne Condominium Homeowner's Ass'n v. London Towne Co., 2006-401, (La.10/17/06), 939 So.2d 1227, our Louisiana Supreme Court noted that:

*184 When prescription is raised by peremptory exception, with evidence being introduced at the hearing on the exception, the trial court's findings of fact on the issue of prescription are subject to the manifest error-clearly wrong standard of review. Carter v. Haygood, 04-0646 (La.1/19/05), 892 So.2d 1261, 1267. Under the manifest error standard of review, a factual finding cannot be set aside unless the appellate courts finds that it is manifestly erroneous or clearly wrong. Smith v. Louisiana Dept. of Corrections, 93-1305 (La.2/28/94), 633 So.2d 129, 132; Stobart v. State through Dept. of Transp. and Development, 617 So.2d 880, 882 (La.1993); Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). In order to reverse a fact finder's determination of fact, an appellate court must review the record in its entirety and (1) find that a reasonable factual basis does not exist for the finding, and (2) further determine that the record establishes that the fact finder is clearly wrong or manifestly erroneous. Id. The appellate court must not re-weigh the evidence or substitute its own factual findings because it would have decided the case differently. Id.; Pinsonneault v. Merchants & Farmers Bank & Trust Co., 01-2217 (La.4/3/02), 816 So.2d 270, 278-79. Where there are two permissible views of the evidence, the fact finder's choice between them cannot be manifestly erroneous or clearly wrong. Id.

London Towne Condominium Homeowner's Ass'n v. London Towne Co., 2006-401, pp. 4-5, 939 So.2d at 1231.
Prescription statutes are strictly construed against prescription and in favor of the obligation sought to be extinguished. The applicable prescription statute in this tort suit is La. Civ. C. art. 3492. Under Article 3492, a tort claim is subject to a one-year prescriptive period commencing from when injury or damage is sustained. The defendant has the burden of pleading and proving prescription. However, when the plaintiff's claim is prescribed on the face of the petition, the burden shifts to the plaintiff to negate prescription by establishing a suspension or interruption. Lima v. Schmidt, 595 So.2d 624, 630 (La. 1992).
LAW AND DISCUSSION
An action for the recovery of a thing is an action en revendication or rei vindication. In all civil law systems, the owner of a thing may bring a revendicatory action (action en revendication) for the recognition of his ownership and for the recovery of the thing from anyone who possesses or detains it without right. 1 Planiol, Civil Law Treatise, Part 2, Sec. 2445 et seq.; Yiannopoulos, Civil Law Property Secs. 124, 125 and 126 (1968); See specifically Greek Civil Code Arts. 1094, 1095 and B.G.B. Secs. 985 and 986. The revendicatory action for the recovery of movables is an innominate real action. For Louisiana jurisprudence and doctrine, see A.N. Yiannopoulos, 2 Louisiana Law Treatise §§ 347 and 350, 675-77; Civil Law Property Secs. 135 and 145 (1968); Bouchard v. Parker, 32 La.Ann. 535 (La. 1880).
Actions seeking recognition of ownership or enforcement of ownership rights, whether in movable or immovable property, are "real actions," not "personal actions." Songbyrd, Inc. v. Bearsville Records, Inc., 104 F.3d 773, 777 (5th Cir.1997); A.N. Yiannopoulos, 2 Louisiana Civil Law Treatise § 241 at 476 (1991). Such real actions, otherwise known as "revendicatory actions," are expressly authorized by La. Civ. C. art. 526, which provides, "[t]he owner of a thing is entitled to recover it from anyone who possesses or detains it without right and to obtain judgment *185 recognizing his ownership and ordering delivery of the thing to him." However, the revendicatory action abates when the movable is no longer in the defendant's possession. Theoretically, a plaintiff may have a personal action for damages or unjust enrichment against the former possessor of the movable. Dual Drilling Co. v. Mills Equipment Investments, Inc., 98-0343, p. 4, (La.12/1/98), 721 So.2d 853, 856.
In appellant's first assignment of error, he asserts that the trial court erred in not allowing him an opportunity to bear his burden of showing the action had not prescribed. We have reviewed the entire record and transcript of what transpired on the day the judgment was rendered and can find no supportive evidence to appellant's assertion. There is no merit to this argument.
In appellant's second assignment of error, he asserts that the trial court erred by applying the incorrect principles of law and failing to recognize that revendicatory rights are imprescriptible.
After a full review of the record we find no merits to the appellant's assertions. The trial court did not fail to find that revendicatatory rights are imprescriptible, it found that the theory of revendicatory rights was inapplicable under these facts in this case. The trial court did however find that the matter has prescribed pursuant to La. Civ. C. art. 3492. It is clear that this matter had prescribed on its face. The alleged delictual action was on October 30, 2002, the appellant did not file his petition for damages until December 11, 2003.
The appellant asserts that his movable possessions were improperly seized and invoked a revendicatory action which is an innominate real action and is imprescriptible. However, under this distinct set of facts, the appellant's possessions were seized pursuant to a valid court issuance of a writ of fieri facias to satisfy a valid judgment for interim spousal support. In the instant matter before us, as gleaned from the record, in subsequent court proceedings it appears that the appellant was given a credit for these very objects. This is clearly not the situation anticipated by La. Civ. C. art. 526 and is not susceptible to a "Yiannopoulos" analysis.
CONCLUSION
Based on the law and jurisprudence, we find no error in the trial court's judgment granting appellees' peremptory exception of prescription. Accordingly, we affirm the trial court's judgment.
AFFIRMED.
NOTES
[*] This opinion was approved by Judge Leon A. Cannizzaro, Jr. prior to his retirement.