*108
 
 TERRI F. LOVE, Judge.
 

 [¡This appeal arises from an insurance claim following Hurricane Katrina. Brenda Pitts alleged that Louisiana Citizens Property Insurance Corporation inadequately compensated her for damages and that her claims were included in a proposed definition for class certification. However, once the class was certified, Brenda Pitts filed a petition against Louisiana Citizens Property Insurance Corporation. Louisiana Citizens Property Insurance Corporation filed an exception of prescription, which the trial court granted. Brenda Pitts appealed asserting that the pending class action certifications suspended prescription. We find that the trial court committed manifest error, in that Brenda Pitts’ claims had not prescribed. Therefore, we reverse and remand for further proceedings.
 

 FACTUAL BACKGROUND AND PROCEDURAL HISTORY
 

 Brenda Pitts (“Ms. Pitts”) sustained damages as a result of Hurricane Katrina (“Katrina”). Ms. Pitts received payments from her insurer, Louisiana Citizens Property Insurance Corporation (“LCPIC”). However, she alleged that the payments were “grossly inadequate.”
 

 Prior to filing a petition for damages, Ms. Pitts alleged that her interests against LCPIC were represented in one of several pending class certifications | contained in petitions filed on August 25, 2006, including:
 
 Buxton v. Louisiana Citizens Property Insurance Corporation
 
 and
 
 Chalona v. Louisiana Citizens Property Insurance Corporation,
 
 08-0257 (La.App. 4 Cir. 6/11/08), 3 So.3d 494, 2008 WL 2405737.
 
 Buxton
 
 sought a class definition as follows:
 

 All present or past insureds of LOUISIANA CITIZENS FAIR PLAN who filed a claim for coverage benefits pursuant to their policy of insurance with LOUISIANA CITIZENS FAIR PLAN after August 29, 2005, and who have yet to have a proper loss adjustment of them property damage, and/or who have not been timely paid for them property damages after providing satisfactory proof of loss, pursuant to the time constraints allowed by law.
 

 On August 9, 2007, class certification was denied in
 
 Buxton
 
 due to a lack of demonstrated commonality. No order to notify the class was given. On January 25, 2008, the trial court restricted the
 
 Chalona
 
 class definition to exclude plaintiffs “whose claims were insufficiently paid” and ordered that notice be provided to the putative plaintiffs on April 24, 2008.
 

 Once the
 
 Chalona
 
 class was certified and the
 
 Buxton
 
 class denied, Ms. Pitts’ interests, regarding inadequate payment against LCPIC, were allegedly no longer represented in the putative plaintiff class definition. As such, Ms. Pitts filed a petition for damages against LCPIC on February 20, 2008. LCPIC then filed the exceptions of prescription, lis pendens, and improper venue. The trial court granted LCPIC’s exception of prescription and dismissed Ms. Pitts’ claims with prejudice.
 

 Ms. Pitts appeals asserting that her claim had not prescribed, but, if it had, then her claims regarding La. R.S. 22:658 were included in the
 
 Chalona
 
 class action because she did not submit a form opting out of the respective plaintiff classes.
 

 \ STANDARD OF REVIEW
 

 Appellate courts review the peremptory exception of prescription using the manifestly erroneous standard of review.
 
 Boykins v. Boykins,
 
 07-0542, p. 3 (La.App. 4 Cir. 4/30/08), 984 So.2d 181, 184. If a review of the entire record demonstrates that the trial court’s factual findings were reasonable, the appellate court
 
 *109
 
 must affirm.
 
 Hammell v. GICILI,
 
 07-0867, p. 2 (La.App. 4 Cir. 2/13/08), 978 So.2d 1022, 1024;
 
 Brumfield v. McElwee,
 
 07-0548, p. 4 (La.App. 4 Cir. 1/16/08), 976 So.2cl 234, 238.
 

 Prescription statutes require strict construction in favor of upholding the obligation sought to be extinguished.
 
 Boykins,
 
 07-0542, p. 4, 984 So.2d at 184. The burden of proving prescription remains with the mover.
 
 Brumfield,
 
 07-0548, p. 4, 976 So.2d at 238. However, when the plaintiffs claim appears prescribed, the plaintiff must prove suspension or interruption of prescription.
 
 Hammett,
 
 07-0867, p. 2, 978 So.2d at 1024.
 

 PRESCRIPTION
 

 Ms. Pitts asserts that prescription was suspended because she was included in the putative class definitions of
 
 Buxton
 
 and
 
 Chalona
 
 in her representative capacity. Ms. Pitts’ insurance policy with LCPIC contained a prescriptive period of one year. “Prescription runs against all persons unless exception is established by legislation.” La. C.C. art. 3467. The Louisiana Legislature enacted Act 802 and Act 739, which extended prescription for claims regarding Hurricanes Katrina and Rita to August 30, 2007, and September 1, 2007, respectively.
 
 [1]
 

 A class action petition suspends prescription.
 
 Eastin v. Entergy Corp.,
 
 07-1212,4 p. 12 (La.App. 5 Cir. 10/16/07), 971 So.2d 374, 381. Specifically, the Louisiana Code of Civil Procedure provides:
 

 Liberative prescription on the claims arising out of the transactions or occurrences described in a petition brought on behalf of a class is suspended on the filing of the petition as to all members of the class as defined or described therein. Prescription which has been suspended as provided herein, begins to run again:
 

 (1) As to any person electing to be excluded from the class, from the submission of that person’s election form;
 

 (2) As to any person excluded from the class pursuant to Article 592, thirty days after mailing or other delivery or publication of a notice to such person that the class has been restricted or otherwise redefined so as to exclude him; or
 

 (3) As to all members, thirty days after mailing or other delivery or publication of a notice to the class that the action has been dismissed, that the demand for class relief has been stricken pursuant to Article 592, or that the court has denied a motion to certify the class or has vacated a previous order certifying the class.
 

 La. C.C.P. art. 596. (Emphasis added). “Article 596 is ‘a special provision that prevents prescription from accruing against the claims of members of a putative class action until the propriety of the class action or the member’s participation in the action is determined.’ ”
 
 Galjour v. Bank One Equity Investors-Bidco, Inc.,
 
 05-1360, p. 4 (LaApp. 4 Cir. 6/21/06), 935 So.2d 716, 721,
 
 quoting
 
 1 Frank L. Maraist and Harry T. Lemmon, Louisiana Civil Law Treatise: Civil Procedure § 4.12 (1999). Additionally, the Louisiana Supreme Court held that “since the class action is brought on behalf of all members of the class, its filing interrupts prescrip-
 
 *110
 
 ti on as to the claims
 
 of
 
 all members of the class, whether they are noticed before or after the prescriptive delay has terminated.”
 
 Williams v. State,
 
 350 So.2d 131, 137 (La.1977).
 

 IsThe petitions, which contained the proposed class definitions in
 
 Buxton
 
 and
 
 Cha-lona,
 
 were filed on August 25, 2006, within two years, as provided by Acts 802 and 739. Ms. Pitts’ filing was timely in that she was a putative class member when the original petitions were filed in
 
 Buxton
 
 and
 
 Chalona.
 
 Ms. Pitts had not opted out of either of the proposed classes.
 

 Once the
 
 Chalona
 
 class was certified, the trial court excluded claims of inadequate payment. Accordingly, Ms. Pitts was no longer included in the
 
 Chalona
 
 class and La C.C.P. art. 596 required that notice be provided to putative class members excluded by the trial court as the trigger that terminates the suspension of prescription. The trial court ordered that those excluded from the
 
 Chalona
 
 class receive notification on April 24, 2008. Thus, when Ms. Pitts filed her individual petition on February 20, 2008, her claims had not prescribed.
 

 LCPIC contends that
 
 Katz v. Allstate Ins. Co.,
 
 04-1133, p. 7 (La.App. 4 Cir. 2/2/05), 917 So.2d 443, 447, prevents a class action from interrupting a contractual prescriptive period. However,
 
 State v. All Prop. And Cas. Ins. Carriers,
 
 06-2030, p. 20 (La.8/25/06), 937 So.2d 313, 327, held that Acts 739 and 802 constitutionally extended prescription for claims relating to Hurricanes Katrina and Rita. Therefore, the Louisiana Supreme Court found that contractual prescriptive periods can be subject to interruption. In the case
 
 sub judice,
 
 however, the interruption of a contractual prescriptive period is irrelevant because Ms. Pitts’ interests were represented as a putative class member in
 
 Bux-ton
 
 and
 
 Chalona,
 
 which were filed within one year from the date of damage.
 

 Therefore, prescription was interrupted on August 25, 2006, as to the putative class members in their representative capacity. Prescription did not begin to run again until notice was given to
 
 Chalona
 
 plaintiffs regarding the class | ficertification definition on April 24, 2008. As such, under the facts and circumstances of the case
 
 sub judice,
 
 Ms. Pitts’ claim had not prescribed because she filed her individual petition on February 20, 2008, prior to the order requiring notice of the
 
 Chalona
 
 class certification definition.
 
 See
 
 La. C.C.P. art. 596. Thus, we find that the trial court committed manifest error in holding that Ms. Pitts’ claim had prescribed.
 

 DECREE
 

 For the above mentioned reasons, we find that the trial court committed manifest error and reverse and remand for further proceedings.
 

 REVERSED AND REMANDED
 

 [1]
 

 . LCPIC avers that the prescriptive period provided in the insurance policy is contractual in nature and cannot be altered. However, the Louisiana Supreme Court found that the insurance industry is heavily regulated by the state and held that the prescriptive periods provided for in Acts 739 and 802 are constitutional.
 
 State v. All Prop. And Cos. Ins. Carriers,
 
 06-2030, p. 20 (La.8/25/06), 937 So.2d 313, 327.