TERRI F. LOVE, Judge.
 

 11 The trial court granted an exception of prescription based upon a petition seeking damages from the Louisiana Citizens Property Insurance Corporation that was filed almost three years after Hurricane Katrina. We find that the plaintiffs’ claims were not prescribed and reverse.
 

 FACTUAL BACKGROUND AND PROCEDURAL HISTORY
 

 Sherry Coleman Taranto, Dean Coleman, and William S. Coleman, Sr. (collec
 
 *545
 
 tively “Plaintiffs”) filed a petition on June 27, 2008, against Louisiana Citizens Property Insurance Corporation (“LCPIC”) for damages resulting from Hurricane Katrina. The Plaintiffs sought payment of their policy limits and damages, as well as alleged emotional distress and mental anguish. LCPIC filed an exception of prescription alleging that the one-year and two-year prescriptive periods expired prior to the Plaintiffs filing suit. The trial court granted the exception of prescription and dismissed the Plaintiffs’ claims with prejudice. The Plaintiffs’ devolutive appeal followed.
 

 The Plaintiffs only argument asserted in their petition was that LCPIC’s internal operating manual included a ten-year limitation on filing suit.
 
 [1]
 
 The trial court found that there was no meeting of the minds and held that the ten-year limitation did not apply. During the trial court’s hearing, counsel for the Plaintiffs alleged that because of pending class action cases, there may be a suspension of prescription pursuant to La. C.C.P. art. 596.
 
 [2]
 
 On appeal, the Plaintiffs again assert that the ten-year limitation applies and also urges that La. C.C.P. art. 596 suspends prescription.
 

 STANDARD OF REVIEW
 

 The appellate court will not reverse a trial court’s findings of fact on a peremptory exception of prescription unless the decision is clearly wrong.
 
 Babin v. Planet Beach Tanning Salons, Inc.,
 
 08-1350, p. 3 (La.App. 4 Cir. 8/25/09), 8 So.3d 780, 782-83. The “issue before the appellate court is not whether the fact finder is right or wrong, but whether the fact finder reached a reasonable conclusion.”
 
 Babin,
 
 08-1350, p. 3, 8 So.3d at 783.
 

 “Prescription statutes are strictly construed against prescription and in favor of the obligation sought to be extinguished.”
 
 Boykins v. Boykins,
 
 07-0542, p. 4 (La.App. 4 Cir. 4/30/08), 984 So.2d 181, 184. “The burden of proving prescription remains with the mover.”
 
 Pitts v. Louisiana Citizens Prop. Ins. Corp.,
 
 08-1024, p. 3 (La.App. 4 Cir. 1/7/09), 4 So.3d 107, 109,
 
 writ denied,
 
 6 So.3d 772 (La.4/3/09). “However, when the plaintiffs claim is prescribed on the face of the petition, the burden shifts to the plaintiff to negate prescription by establishing a suspension or interruption.”
 
 Hodges v. Republic W. Ins. Co.,
 
 05-0245, pp. 3-4 (La.App. 4 Cir. 12/14/05), 921 So.2d 175, 178.
 

 PRESCRIPTION
 

 “There are three kinds of prescription: acquisitive prescription, liberative prescription, and prescription of nonuse.” La. C.C. art. 3445. “There is no ^prescription other than that established by legislation.” La. C.C. art. 3457. Further, “[p]rescription runs against all persons unless exception is established by legislation.” La. C.C. art. 3467.
 

 Internal Operating Manual
 

 Alleging estoppel, the Plaintiffs aver that LCPIC’s manual that contains a ten-year prescriptive period precludes LCPIC’s assertion that their claims have prescribed. However, the Plaintiffs admitted at the hearing on the exceptions that they were unaware of the ten-year limitation until the manual was produced during discovery. It is undisputed that the manual was never released to the Plaintiffs pri- or to discovery.
 

 
 *546
 
 The insurance policy contained the following language: “11. SUITS AGAINST US. No action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of loss.” While the Plaintiffs allege, after reading a manual produced during discovery containing an alleged ten-year limitation period, that LCPIC is estopped from asserting prescription, they must first show that LCPIC’s actions led them to believe that the one-year prescriptive period did not apply.
 
 Blum v. Cherokee Ins. Co.,
 
 336 So.2d 894, 897 (La.App. 4th Cir.1976). The record in the case
 
 sub judice
 
 contains no evidence that the Plaintiffs relied upon the alleged ten-year prescriptive period in filing their petition on June 27, 2008, because they were unaware of the alleged time period until LCPIC produced the manual during discovery. Therefore, we do not find that the trial court erred in granting the exception of prescription based on these grounds.
 

 La. C.C.P. art. 596
 

 Plaintiffs’ counsel also argued, for the first time at the trial court’s hearing, |^that La. C.C.P. art. 596 may suspend prescription. La. C.C.P. art. 596 provides:
 

 Liberative prescription on the claims arising out of the transactions or occurrences described in a petition brought on behalf of a class is suspended on the filing of the petition as to all members of the class as defined or described therein. Prescription which has been suspended as provided herein, begins to run again:
 

 (1) As to any person electing to be excluded from the class, from the submission of that person’s election form;
 

 (2) As to any person excluded from the class pursuant to Article 592, thirty days after mailing or other delivery or publication of a notice to such person that the class has been restricted or otherwise redefined so as to exclude him; or
 

 (3)As to all members, thirty days after mailing or other delivery or publication of a notice to the class that the action has been dismissed, that the demand for class relief has been stricken pursuant to Article 592, or that the court has denied a motion to certify the class or has vacated a previous order certifying the class.
 

 Regarding the prescriptive periods for claims arising from Hurricane Katrina, the Louisiana Supreme Court stated that Acts 2006, Nos. 739 and 802 “extend the prescriptive period under which certain insurance claims arising from Hurricanes Katrina and Rita may be filed” and “may alter the insurance the insurance contractual provisions regarding the time period in which to bring a claim.”
 
 State v. All Prop. and Cas. Ins. Carriers,
 
 06-2030, p. 1 (La.8/25/06), 937 So.2d 313, 316. Act 739 “amended La. R.S. 22:629,” which was formerly Subsection (A)(3), and was redesig-nated as subsection (B) to provide as follows:
 

 B. No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state, or any group health and accident policy insuring a resident of this state regardless of where made or delivered, shall contain any condition, stipulation, or agreement limiting right of action against the insurer to a period of less than twelve months next after the inception of the loss when the claim arises under any insurance classified and defined in R.S. 22:6(10), (11), (12), and (13), or to a period of less than one year from the time when the cause of action accrues in |5connection with all other insurances unless otherwise specifically provided in this Code.
 

 
 *547
 

 All Prop.,
 
 06-2030, p. 8 (La.8/25/06), 937 So.2d 313, 320. Act 739 also enacted La. R.S 22:658.3, which provided
 

 § 658.3. Filing claims; extension for claims arising from hurricane activity. A. Notwithstanding any other provision of this Title to the contrary, any person or entity having a claim for damages pursuant to a homeowners’ insurance policy, personal property insurance policy, tenant homeowners’ insurance policy, condominium owners’ insurance policy, or commercial property insurance policy, and resulting from Hurricane Katrina shall have through September 1, 2007, within which to file a claim with their insurer for damages, unless a greater time period to file such claim is otherwise provided by law or by contract.
 

 “Act 739 was signed by the governor on June 29, 2006, and became effective on that date.”
 
 All Prop.,
 
 06-2030, pp. 8-9 (La.8/25/06), 937 So.2d 313, 320.
 

 As to Act 802, the Louisiana Supreme Court stated that it “set forth uncodified law” attempting to
 

 prevent additional hardship to property owners who have already been overwhelmed and daunted by these hardships and have endured so much grief and suffering and who soon will be forced to decide whether to institute a lawsuit to preserve their cause of action, possibly causing unnecessary litigation or compromising ongoing settlement discussions ....
 

 All
 
 Prop., 06-2030, p. 9 (La.8/25/06), 937 So.2d 313, 320-21. The “uncodified legislation” further provided for
 

 an additional, limited exception to the running of prescription and, as such, prevents the running of prescription for one year on any claim seeking to recover for loss or damage to property against an insurer on any homeowners’ insurance policy, including tenant and condominium policies, personal property insurance policy, commercial property insurance policy, or flood insurance policy, on any automobile or fleet policy for loss or damage to an insured’s vehicle caused by flood, | ¿wind, or rain, or on any policy for loss or damage to crop or livestock, when such loss or damage was caused by or as a result of Hurricane Katrina or Hurricane Rita, or both. Accordingly, any such claim for damages caused by Hurricane Katrina shall be instituted on or before August 30, 2007, and any suit not instituted within that time and any claims relating thereto shall be forever barred unless a contract or the parties thereto provide for a later date. Any such claim for damages caused by Hurricane Rita shall be instituted on or before September 25, 2007, and any suit not instituted within that time and any claims relating thereto shall be forever barred unless a contract or the parties thereto provide for a later date.
 

 All Prop.,
 
 06-2030, p. 9, 937 So.2d at 321. Act 802 became effective on June 30, 2006. The Louisiana Supreme Court stated that Act 802 “did not amend existing law or enact a new statute.”
 
 All Prop.,
 
 06-2030, p. 9, 937 So.2d at 320.
 

 This Court held in
 
 Pitts
 
 that the filing of a class action interrupted prescription as to putative class members from
 
 Buxton v. Louisiana Citizens Prop. Ins. Co.
 
 and
 
 Chalona v. Louisiana Citizens Prop. Ins. Co.,
 
 08-0257 (La.App. 4 Cir. 6/11/08), 3 So.3d 494, in their representative capacities.
 
 [3]
 
 08-1024, pp. 5-6, 4 So.3d at 110.
 
 *548
 
 This case is not distinguishable from
 
 Pitts.
 
 The Plaintiffs would have been putative members of
 
 Chalona
 
 unless they actively opted out. The petitions that defined the proposed classes in
 
 Buxton
 
 and
 
 Chalona
 
 were timely filed on August 25, 2006.
 
 Pitts,
 
 08-1024, p. 5, 4 So.3d at 110. The filing of a class action interrupts prescription for all putative members.
 
 Id.
 
 Therefore, we find that the trial court erred in granting LCPIC’s exception of prescription and reverse for further proceedings.
 

 PEREMPTION
 

 “Peremption is a period of time fixed by law for the existence of a right” and |7“[u]nless timely exercised, the right is extinguished upon the expiration of the peremptive period.” La. C.C. art. 3458. “Peremption destroys the right,” whereas “prescription merely prevents the enforcement of a right by action.” La. C.C. art. 3458, Official Revision Comments—1982, comment (b).
 

 LCPIC contends that the language “or shall be forever barred” demonstrates that the legislative intent of Act 802 was that the act be peremptive in nature. LCPIC alleges that the comments to La. C.C. art. 3458, which includes the language “or be forever lost” likewise demonstrates the commonality between peremption and Act 802. La. C.C. art. 3458, Official Revision Comments — 1982, comment (b). However, the comments to statutes pertaining to prescription contain similar language. Liberative prescription is described as “being a bar to an action.” La. C.C. art. 3445, Official Revision Comments—1982, comment (b). “Liberative prescription is a mode of barring of actions.” La. C.C. art. 3447. Given the similarity in language in the revision comments, we find LCPIC’s argument that the language contained in the revision comments should be disposi-tive lacks merit.
 

 DECREE
 

 For the above mentioned reasons, we find that the trial court erred in granting the LCPIC’s exception of prescription, as the Plaintiffs’ claims were not prescribed, and reverse.
 

 REVERSED AND REMANDED.
 

 [1]
 

 . LCPIC alleged that the notation in the manual was a typographical error.
 

 [2]
 

 . The trial court never addressed the issue of whether La. C.C.P. art. 596 suspended prescription.
 

 [3]
 

 . Although the
 
 Pitts
 
 Court acknowledged that pursuant to La. C.C.P. art. 596, "[a] class action petition suspends prescription,” the Court found that “prescription was interrupt
 
 *548
 
 ed on August 25, 2006.” The Louisiana Supreme Court has utilized similar language. For example, the Louisiana Supreme Court stated that “since the class action is brought on behalf of all members of the class, its filing interrupts prescription as to the claims of all members of the class, whether they are noticed before or after the prescriptive delay has terminated.”
 
 Williams v. State,
 
 350 So.2d 131, 137, (La.1977).