WRIT GRANTED AND MADE PEREMPTORY:
The trial court erred in holding Monaco Motor Homes, Inc. has no claim for contribution against Lafayette Woodworks, Inc., LeFrance v. Abraham Lincoln Mercury, Inc., 462 So.2d 1291 (La.App. 5 Cir.1985), Lokey v. Dixie Buick, Inc., 400 So.2d 322 (La.App. 4 Cir.1981), Landry v. Nobility Homes, Inc., 488 So.2d 726 (La.App. 3 Cir.1986), Perrin v. Read Imports, Inc., 359 So.2d 738 (La.App. 4 Cir.1978). The tolling of prescription on this claim for contribution does not begin to run until Monaco Motor Homes, Inc. has been cast in judgment, therefore, the trial court erred in holding Monaco Motor Homes, Inc.’s cross-claim for contribution had prescribed, since it was not filed within one year of the last act of negligence. Smith v. Hartford Acc. and Indemnity Co., 399 So.2d 1193 (La.App. 3 Cir.1981), McKneely v. Don Coleman Construction Co., 441 So.2d 497 (La.App. 2 Cir.1983), Matt v. Cox, 408 So.2d 389 (La.App. 1 Cir.1981). The trial court’s judgment is thus vacated in part, and it is now ordered that Monaco Motor Homes, Inc. be allowed to pursue its claim in contribution against Lafayette Woodworks, Inc. That part of the trial court’s judgment sustaining Lafayette Woodworks, Inc.’s exception of vagueness is not disturbed by this court’s ruling.