MAX N. TOBIAS, JR., Judge.
 

 _JjThe defendant/appellant, Planet Beach Tanning Salons, Inc. (“Planet Beach”), appeals from a judgment granting an exception of prescription filed by third-party defendant/appellee, Sybaritic, Inc. (“Sybaritic”). After reviewing the record and ap
 
 *782
 
 plicable law, we reverse the judgment and remand the matter to the trial court for further proceedings.
 

 On 26 January 2007, the plaintiff, Helen Babin, was injured while entering a piece of equipment called a “hydration station” at the Planet Beach salon in uptown New Orleans.
 
 [1]
 
 She filed suit against Planet Beach on 26 February 2007, which was served with the pleading on 2 March 2007; its answer was filed on 2 May 2007.
 

 Babin was deposed on 80 August 2007, in which she claimed that she fell out of the hydration station because the surface of the bed was wet and slippery |2due to one of the employees allegedly spraying it with a substance without wiping it up. She also testified that the station’s canopy hood was harder to pull down than it had been a week earlier.
 

 On 12 March 2008, the plaintiffs expert was deposed. He stated that the accident could only have happened if the bed surface of the hydration station was wet in combination with the canopy hood having too much resistance when Babin tried to pull the hood down.
 

 On 26 March 2008, Planet Beach filed a third-party demand against Sybaritic seeking indemnification and/or contribution. In response, Sybaritic filed several exceptions, including an exception of prescription. On 6 August 2008, the trial court granted the exception of prescription. This timely appeal followed.
 

 While this matter was pending on appeal, the main demand was tried.
 
 [2]
 
 The jury found that Planet Beach was negligent in preparing the equipment for Babin and negligent in the training of its employees to prepare the machine. Planet Beach alleges that it prepared the hydration station and trained its employees to prepare the machine in accordance with the instructions and procedures provided by Sybaritic. Planet Beach contends that its fault is the direct result of Sybaritic failing to warn it that (1) the use of the hydration station bed when wet increases the risk of a person slipping out of the bed; (2) a possibility exists of an ejection of a user by pulling the canopy down that may have more resistance than usual when lathe surface is moist; and (3) potential problems exist that the user may encounter under conditions similar to the plaintiffs accident. Planet Beach also argues that Sybaritic, or companies representing Sybaritic, performed all repairs on the hydration station.
 

 The sole issue for our consideration is whether the third-party demand filed by Planet Beach against Sybaritic has prescribed. Planet Beach contends that it has not because a claim for indemnification does not accrue until the party seeking indemnity is cast in judgment. In response, Sybaritic argues that, at the very latest, Planet Beach had notice of a potential defense of product defect or failure to warn when it was served with Babin’s petition on 2 March 2007. Thus, the third-party demand filed 26 March 2008, more than a year later, was prescribed.
 

 “The standard of review of a trial court’s finding of facts supporting pre
 
 *783
 
 scription is that the appellate court should not disturb the finding of the trial court unless it is clearly wrong.”
 
 Turnbull v. Thensted,
 
 99-0025, p. 5 (La.App. 4 Cir. 3/1/00), 757 So.2d 145, 148. Similarly, the trial court’s fact finding regarding prescription should not be reversed without a finding of manifest error because the issue before the appellate court is not whether the fact finder is right or wrong, but whether the fact finder reached a reasonable conclusion.
 
 Id.,
 
 757 So.2d at 149.
 

 In general,
 

 [ijndemnity is due when fairness requires that one person bear the total responsibility for an injury. The basis for indemnity in the civil law, as in the common law, is restitution, the indemnitor having been unjustly enriched when the person seeking indemnity has discharged liability that was his responsibility. A solidary debtor who pays a debt that “concern[s] only” a co-debtor is, | therefore, entitled to indemnity from the debtor in whose behalf the debt arose. Thus a person who is held liable vicariously or passively for the tort of another is due indemnity from the culpable tortfeasor. One who is himself at fault, however, is not due indemnity because liability for indemnity exists only when the party seeking indemnity, the indemnitee, is free of fault and has discharged a debt that should be paid wholly by the indemnitor. The Louisiana Supreme Court has summed up the principle this way: indemnity shifts the entire loss from a tortfeasor only technically or constructively at fault to the person primarily responsible, while contribution apportions the loss among those jointly responsible.
 

 Diggs v. Hood,
 
 772 F.2d 190, 193 (5th Cir.1985) (citations omitted).
 

 In the recent case of
 
 Orlando v. E.T.I.,
 
 07-1433 (La.12/12/08), — So.2d-, 2008 WL 5194398, the Supreme Court was presented with an analogous issue.
 
 [3]
 
 The facts and procedural history were explained by the Court as follows:
 

 This matter arrived in this Court in a pre-trial posture; therefore, the facts have been extrapolated from the various pleadings. On June 6, 2001, Exceptional Temporaries Inc., [sic] (“ETI”) entered into a contract with the City of New Orleans Aviation Board (“NOAB”) to provide sound-deadening insulation to residences in close proximity to Louis Armstrong Airport as part of the Airport Capital Improvements Program. On October 8, 2001, plaintiffs, Frances Orlando and Nicholas Reggio, contracted with NOAB to have their Kenner residence insulated. The work actually began on or about March 23, 2002. In the process of renovating the house, ETI allegedly broke a window’s glass, then failed to remove some pieces of the broken glass. Frances Orlando alleged that she stepped on the glass and cut her foot on April 21, 2002, causing severe bodily injuries. On March 7, 2003, she and her husband filed suit against ETI and NOAB alleging negligence on the part of NOAB in contracting with ETI to perform the repairs, and negligence on the part of ETI in performing “shoddy work in violation of |sLSA-C.C. art [sic] 2762.” NOAB was served with the petition on March 26, 2003. ETI
 
 *784
 
 was never served with the original petition.
 

 On February 27, 2006, NOAB filed a Third Party Demand against ETI, seeking contribution and/or indemnity for damages arising out of the plaintiffs’ tort claim. Particularly, NOAB argued that it “is entitled to complete indemnity and/or contribution from ... ETI to the degree that the accident sued upon was caused ... by the negligence and/or strict liability of ETI.” ETI filed an exception of prescription based on LSA-C.C. art. 1067, which the trial court maintained, dismissing NOAB’s third party demand.
 

 The trial court noted that NOAB filed its third party demand almost three years after the main demand was filed and served. Although NOAB alleged a cause of action in contract, pursuant to an indemnity provision, the trial court determined that the contract between ETI and NOAB contains no such provision. The court held that NOAB’s cause of action sounded in tort, and concluded that because NOAB brought suit against ETI more than 90 days after service of the main demand, pursuant to LSA-C.C. art. 1067, NOAB’s third party demand was prescribed.
 

 In affirming the trial court’s ruling, the court of appeal found that the main demand clearly alleged a claim in tort, with a one year prescriptive period, although NOAB argued that a quasi contract existed between the parties.
 
 Reggio v. E.T.I.,
 
 07-0049 (La.App. 4 Cir. 6/18/07), 961 So.2d 1269. The court of appeal also concluded that there was no specific indemnity provision included in the contract between the NOAB and ETI; therefore, the NOAB’s only redress was in tort, and the cause of action was prescribed pursuant to LSA-C.C. art. 3492. In finding no contract of indemnity, the court noted:
 

 “A contract of indemnity whereby the indemnitee is indemnified against the consequences of his own negligence is strictly construed, and such a contract will not be construed to indemnify an indemnitee against losses resulting to him through his own negligent acts unless such an intention is expressed in unequivocal terms.”
 
 Soverign Ins. Co. v. Texas Pipe Line Co.,
 
 488 So.2d 982 (La.1986);
 
 Polozola v. Garlock,
 
 343 So.2d 1000 (La.1977);
 
 Berry v. Orleans Parish School Bd.,
 
 2001-3283 (La.5/21/02), 830 So.2d 283.
 

 The court of appeal held, as well, that the NOAB had ninety (90) days from service of the main demand to seek indemnification, and failed to do so; thus, NOAB’s third party demand was prescribed. NOAB applied for a writ of certiorari, alleging error in the lower courts’ application of LSA-C.C. art. 1067 to an incidental demand for indemnification, and this Court granted NOAB’s writ of certiorari.
 
 Reggio v. E.T.I.,
 
 07-1433 (La.10/12/07), 966 So.2d 636.
 

 Id.
 
 at pp. 1-2, — So.2d at-.
 

 The Court agreed that the contract in question did not include express language to support contractual indemnity between the parties. Instead, it found that NOAB’s third-party demand asserted a negligence (tortious) cause of action, which had a one year prescriptive period.
 
 Id.
 
 at 5, — So.2d at-. Thereafter, it stated:
 

 Louisiana courts have found that in a claim for indemnification based on a tor-tious act, prescription begins to run when the indemnity claimant
 
 suffers the loss or damage,
 
 at the time of the payment of the underlying claim, payment of a judgment thereon, or payment of a settlement thereof by the party seeking indemnity, i.e., when the judgment has been cast.
 
 Wiggins v. State Through
 
 
 *785
 

 Dept. Of Transportation and Development,
 
 97-0432 (La.App. 1 Cir. 5/15/98), 712 So.2d 1006, 1011, writ not considered, 98-1652 (La.9/25/98), 726 So.2d 6;
 
 Carpenter v. Lafayette Woodworks, Inc.,
 
 504 So.2d 179 (La.App. 3rd Cir.1987).
 

 Id.
 

 The Court found that the action for indemnity did not accrue until the City of New Orleans was responsible for a judgment or actually discharged a liability for which NOAB was responsible. Thus, it found that NOAB’s action against E.T.I. 17was neither premature nor prescribed, and that the trial court and court of appeal had erred in granting the exception.
 
 Id.
 
 at pp. 6-7, — So.2d at-.
 

 In the instant matter, the third-party demand filed by Planet Beach against Sybaritic alleges that the plaintiffs injuries were caused solely by the negligence of Sybaritic and seeks indemnification for all damages and costs Planet Beach may later have to pay. The underlying action was tried on or about 8 December 2008, wherein Planet Beach was found at fault for the plaintiffs injuries. Therefore, its cause of action for indemnity did not begin to run until the judgment was entered against it. Therefore, the trial court erred in granting Sybaritic’s exception of prescription on the issue of indemnity.
 
 [4]
 

 Based on the foregoing, we reverse and set aside the judgment entered by the trial court sustaining the exception of prescription and remand the matter to the trial court for further proceedings.
 

 REVERSED; REMANDED.
 

 [1]
 

 . Babin alleged in her petition that "when she attempted to pull down the cover, she either ejected [sic] and/or was pulled partially out of the hydration station, and then was thrown completely out by a sudden, jerking motion that threw her to the floor, head first.”
 

 [2]
 

 . Because the record was lodged before the underlying action was tried, the appellate record does not reflect the actual date of the trial. However, the trial of the plaintiff's claims was set for 8 December 2008. In its reply brief dated 20 January 2009, Planet Beach indicated that the trial was held, as reflected above.
 

 [3]
 

 . We note that the trial court judge in the instant matter also sat on the
 
 Orlando
 
 case. After granting the exception of prescription herein and while this appeal was pending in this court, the Supreme Court rendered its opinion in
 
 Orlando,
 
 reversing the trial court on the identical issue. Thus, the trial court did not have the benefit of
 
 Orlando
 
 when considering the exception of prescription filed by Sybaritic.
 

 [4]
 

 . To the extent that Planet Beach seeks contribution from Sybaritic, that claim is prescribed.