EDWIN A. LOMBARD, Judge.
 

 |, The third-party plaintiff/appellant, Planet Beach Tanning Salons, Inc. (“Planet Beach”), appeals to this Court a granting of summary judgment in favor of Sybaritic, Inc. (“Sybaritic”), defendant in Planet Beach’s third party claim. Planet Beach also appeals the denial of their motion for summary judgment, which was denied in concert with the granting of Sybaritic, Inc.’s motion for summary judgment. For the reasons provided below, we affirm the judgment of the trial court granting summary judgement to Sybaritic, Inc. and consequently denying Planet Beach’s summary judgment motion.
 

 Factual and Procedural History
 

 On January 26, 2007, Helen Babin, plaintiff in the original demand, was injured while entering a “Hydration Station” tanning machine at the Planet Beach tanning salon located at 5300 Tchoupitoulas Street in uptown New Orleans. Ms. Babin filed suit against Planet Beach on February 26, 2007. Planet Beach was served with the petition on March 2, 2007, and Planet Beach answered Ms. Babin’s petition on May 2, 2007. Following initial discovery and the depositions of Ms. |2Babin and her expert engineer, Mr. Andrew Lawyer, Planet Beach filed a third-party demand against Sybaritic, which manufactured the “Hydration Station” machine in which Ms. Babin had fallen from. Sybaritic filed several exceptions in response to Planet Beach’s third party demand, including an exception of prescription. The exception of prescription was the subject of a prior appeal before this Court in this matter.
 

 Ms. Babin’s primary demand against Planet Beach went to trial before a jury while the Court considered Planet Beach’s appeal of the district court’s granting of an exception of prescription filed by Sybaritic. In this prior appeal, the Court described the jury’s finding of negligence against Planet Beach, and Planet Beach’s third party demand against Sybaritic, as follows:
 

 While this matter was pending on appeal, the main demand was tried. The jury found that Planet Beach was negligent in preparing the equipment for Ba-bin and negligent in the training of its employees to prepare the machine. Planet Beach alleges that it prepared
 
 *182
 
 the hydration station and trained its employees to prepare the machine in accordance with the instructions and procedures provided by Sybaritic. Planet Beach contends that its fault is the direct result of Sybaritic failing to warn it that (1) the use of the hydration state bed when wet increases the risk of a person slipping out of the bed; (2) a possibility exists of an ejection of a user by pulling the canopy down that may have more resistance than usual when the surface is moist; and (3) potential problems exist that the user may encounter under conditions similar to the plaintiffs accident. Planet Beach also argues that Sybaritic, or companies representing Sybaritic, performed all repairs on the hydration station.
 

 The sole issue for our consideration is whether the third-party demand filed by Planet Beach against Sybaritic has prescribed. Planet Beach contends that it has not because a claim for indemnification does not accrue until the party seeking indemnity has been cast in judgment.
 

 Babin v. Planet Beach Tanning Salons, Inc.,
 
 2008-1350, p. 2 (La.App. 4 Cir. 3/25/09), 8 So.3d 780, 782. The Court agreed with Planet Beach’s assertion, and reversed the granting of Sybaritic’s exception of prescription:
 

 ... the third-party demand filed by Planet Beach against Sybaritic alleges that the plaintiffs injuries were caused solely by the negligence of Sybaritic and seeks indemnification for all damages and costs Planet Beach may later have to pay. The underlying action was tried on or about 8 December 2008, wherein Planet Beach was found at fault for the plaintiffs injuries. Therefore, its cause of action for indemnity did not begin to run until the judgment was entered against it. Therefore, the trial court erred in granting Sybaritic’s exception on the issue of indemnity.
 

 Id.,
 
 p. 7, 8 So.3d at 785. The Court also held that “[t]o the extent that Planet Beach seeks contribution from Sybaritic, that claim is prescribed.”
 
 Id.
 

 Following remand of the matter back to the district court, on March 1, 2010, Sybaritic filed a motion for summary judgment, seeking the dismissal of all claims by Planet Beach against it. In turn, Planet Beach filed its own motion for summary judgment on April 7, 2010, asking the district court to find judgment as a matter of law that Sybaritic owes complete indemnification to it as a result of the jury verdict against it from Ms. Babin’s primary demand. The district court heard both contradicting motions on April 23, 2010, and granted Sybaritic’s motion for summary judgment, dismissing Planet Beach’s third-party demand indemnity claim against it. A written judgment granting Sybaritic’s motion for summary judgment and in turn denying Planet Beach’s motion for summary judgment was signed on May 19, 2010. Planet Beach now appeals the district court’s judgment to this Court.
 

 Summary Judgment Standard
 

 14Appellate courts review motions for summary judgment
 
 de novo
 
 under the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate.
 
 Wood v. Del Giorno, WWL AM, et al,
 
 2006-1612, p. 3 (La.App. 4 Cir. 12/19/07), 974 So.2d 95, 98. Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La.Code Civ. Proc. art. 966(B). The burden of proof remains with the movant. However, if the movant will not bear the burden of
 
 *183
 
 proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. La.Code Civ. Proc. art. 966(C)(2).
 

 Because the movant has the burden of establishing that no material factual issue exists, inferences to be drawn from the underlying facts contained in the materials before the court must be viewed in the light most favorable to the party opposing the motion.
 
 Istre v. Meche,
 
 2005-2508, p. 6 (La.6/16/06), 931 So.2d 361, 364. Summary judgment is favored under our law and shall be construed to secure the just, speedy, and inexpensive determination of every action.
 

 Law and Analysis
 

 In
 
 Nassif v. Sunrise Homes, Inc.,
 
 98-3193, pp. 2-4, 739 So.2d 183 (La.6/29/99), the Louisiana Supreme Court discussed the action for indemnity:
 

 | ^Indemnity in its most basic sense means reimbursement, and may lie when one party discharges a liability which another rightfully should have assumed.
 
 Black’s Law Dictionary
 
 769 (6th ed.1990);
 
 12 C.J.S Indemnity § 2 (1991).
 
 It is based on the principle that everyone is responsible for his own wrongdoing, and if another person has been compelled to pay a judgment which ought to have been paid by the wrongdoer, then the loss should be shifted to the party whose negligence or tortious act caused the loss. 42 C.J.S.
 
 Indemnity
 
 at § 32 ...
 

 ... Thus, because the party seeking indemnification must be without fault, a weighing of the relative fault of tortfea-sors has no place in the concept of indemnity.
 

 Hesse v. Champ Service Line,
 
 2002-0284, pp. 3-4 (La.App. 3 Cir. 10/2/02), 828 So.2d 687, 689-90. This Court described indemnity, in the previous appeal of this case, as follows:
 

 In general,
 

 [/Indemnity is due when fairness requires that one person bear the total responsibility for an injury ... One who is himself at fault, however, is not due indemnity because liability for indemnity exists only when the party seeking indemnity, the indemnitee, is free of fault and has discharged a debt that should be paid wholly by the indemnitor.
 

 Babin v. Planet Beach Tanning Salons, Inc.,
 
 pp. 3-4, 8 So.3d at 783;
 
 quoting Diggs v. Hood,
 
 772 F.2d 190, 193 (5th Cir.1985) (citations omitted).
 

 “Indemnity, in its most basic sense, is due when fairness requires that one person bear the total responsibility for an injury or loss.”
 
 Hai Nam Chinese Restaurant Partnership v. B & B Construction of New Iberia,
 
 2006-729, p. 13 (La.App. 3 Cir. 11/2/06), 942 So.2d 97, 105-6. “Indemnity shifts the entire loss from a tort-feasor only technically or constructively at fault to one primarily responsible for the act that caused the damage.”
 
 Green v. TACA International Airlines,
 
 304 So.2d 357, 359 (La.1974).
 

 In the matter
 
 sub judice,
 
 Planet Beach, in its position as third-party plaintiff, argues that the district court erred in granting Sybaritic’s motion for summary | ¿judgment, and incorrectly ruled against its favor by also denying its own motion for summary judgment. In its motion for summary judgment, Sybaritic alleged that prior to the trial of Ms. Babin’s main demand before the jury, Planet Beach filed a request for special jury interrogatories
 
 *184
 
 asking that the jury consider the possible negligence of Sybaritic, Inc., and at what percentage of fault Sybaritic, Inc. would have proximately caused Ms. Babin’s accident. Planet Beach also asked the district court to consider jury charges concerning manufacturer liability, and in particular the failure to warn. Sybaritic stated that the district court, after seeing no evidence presented at trial that would prove manufacturer fault, refused to provide any jury instructions or jury charges regarding liability against Sybaritic.
 

 Sybaritic primarily argued that under Louisiana law, after having been found personally negligent for Ms. Babin’s accident, Planet Beach cannot be considered free from fault, and thus cannot, as a matter of law, prove its third-party demand claim for indemnification. Sybaritic noted this Court’s prior decision in this very case, confirming that any claim Planet Beach has for contribution has prescribed. Sybaritic also contends that Planet Beach’s argument that alleged excessive resistance of the hydration machine’s canopy hood does not shift the entirety of fault from Planet Beach.
 

 Sybaritic argues that ample testimony existed at trial to show that Planet Beach itself was negligent in the actions of its employees and negligent in its training of employees on administering and managing the hydration station. Sybaritic included in its evidentiary support for summary judgment the completed jury verdict from the trial of the main demand:
 

 1. Do you find that any of defendant Planet Beach Tanning Salons, Inc.’s employees were negligent with regard to this accident? — answered “Yes”
 

 |72. Was the negligence of any Planet Beach employees a legal cause of this accident? — answered “Yes”
 

 3. Do you find that Planet Beach was negligent with regard to the training and/or supervising of any of its employees? — answered “Yes”
 

 4. Was Planet Beach’s negligence in training and/or supervising of any of its employees a legal cause of this accident? — answered “Yes”
 

 Planet Beach argues that the jury was chiefly swayed by the expert testimony of Mr. Andrew Lawyer, Ms. Babin’s expert, who testified at trial that
 

 “[fit was my opinion or the opinion that I reached was the combined forces of her trying to pull the canopy bed down combined with the slipperiness of that surface worked together to cause her to fall out of this unit and it would have been a situation where she possibly could not have seen or foreseen herself.”
 

 Planet Beach further argues that at no time did Sybaritic, when a Sybaritic corporate representative appeared in New Orleans for training on preparation, cleaning, and maintaining of the hydration machine, ever inform or warn Planet Beach that a dangerous condition could exist if the machine bed is wet or moist. Planet Beach argues that their employees implemented the same procedures shown by Sybaritic’s corporate representatives. Planet Beach finally argues that it has the right to pursue a products liability — failure to warn claim against Sybaritic.
 

 Upon
 
 de novo
 
 review of the complete appellate record, which includes ample testimony from the trial of the main demand, we find that Sybaritic, Inc. is entitled to summary judgment and the dismissal of Planet Beach’s sole remaining indemnity claim against it. There is no genuine of issue of material fact that Planet Beach is at least partially at fault for the underlying accident and damages to Ms. Babin. Essentially, Planet Beach cannot prove a claim for indemnity against |8Sybaritic,
 
 *185
 
 which would require Sybaritic, Inc. to be 100% at fault for Ms. Babin’s accident. Therefore, Sybaritic, Inc. is entitled to judgment as a matter of law. La.Code Civ. Proc. art. 966(C).
 

 First of all, Planet Beach’s own expert at the trial of the main demand, Mr. Leonard Quick, saw “no defective condition in the unit” (hydration machine) which could have possibly caused the accident. Furthermore, Planet Beach’s reliance on Ms. Babin’s expert testimony is without merit, since Mr. Lawyer testified at length about the “wet slippery surface that was created by the young lady, Ms. Nicole Colon,” who was working for Planet Beach when the accident occurred. Mr. Lawyer also testified that the hydration machine “in and of itself did not cause this accident or her fall.” Furthermore, the statement of Mr. Lawyer relied upon by Planet Beach in this appeal, provided above, itself attributes “the slipperiness of that surface” as a significant contributing factor to Ms. Ba-bin’s fall and injury.
 

 Most tellingly, Ms. Jody Mateu, Planet Beach’s corporate representative, also testified that after a Planet Beach employee is to disinfect the station by applying a sanitizer solution, the next required step is to take bath towels and “wipe it down and drape the towels” over the bed. She testified that if the sanitizing solution used on the hydration machine’s bed was not wiped off, it would certainly be a safety concern.
 

 Ms. Mateu also testified that Ms. Colon, who at age 15 was the youngest employee working at Planet Beach on the day of the accident, did not complete the required Planet Beach University Online certification course or “Smart Tan Certification” course by the time the accident occurred. Ms. Mateu further testified that a second employee, Tiara Peterson, who was 17 at the time of the |flaccident, received a mere run-through on how to operate the hydration station machine. Finally, none of the Planet Beach employees present on the day of Ms. Babin’s accident recalled seeing a “Room Turnover Checklist”, which is a checklist provided by Sybaritic to Planet Beach locations with instructions on preparing and operating the hydration station machine. It was established at trial that this checklist included drying off the sanitizer solution.
 

 Conclusion
 

 In the present appeal, we find that there is ample factual testimony established at trial finding Planet Beach at fault for the negligence of its own employees and for its negligence in failing to properly train its employees in the manner expected by Sybaritic, Inc. Though common sense alone would require Planet Beach employees to wipe the machine dry, it was proved at trial that Sybaritic’s own instructive materials required wiping down the machine. Planet Beach’s own negligence was sufficiently proved at the trial of the main demand, as evidenced by the jury’s clear findings. Sybaritic, who would not bear the burden of proof at trial, has successfully pointed out an absence of factual support for Planet Beach’s claim for indemnity. Because the sole remaining claim in Planet Beach’s third-party action against Sybaritic is for indemnity, there is no error in the district court’s dismissal of Planet Beach’s third party demand.
 
 Babin v. Planet Beach Tanning Salons, Inc., supra,
 
 p. 7, 8 So.3d at 785.
 

 In the present matter, it is clear that, in the negligent actions of its employees and negligent training of its employees, Planet Beach is not “free of fault.”
 
 Diggs v. Hood,
 
 772 F.2d 190, 193 (5th Cir.1985) (citations omitted). The district court, therefore, did not err in finding judgment in favor of Sybaritic, Inc. as a matter of law and in dismissing Planet Beach’s third party claim for indemnity.
 

 
 *186
 
 |
 
 ^Decree
 

 The judgment of the district court in granting the motion for summary judgment filed by Sybaritic, Inc., is affirmed. Consequently, the judgment of the district court denying Planet Beach’s motion for summary judgment is also affirmed.
 

 AFFIRMED.