# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 22-306


ZACH BELLARD

VERSUS

ATK CONSTRUCTION, LLC, ET AL.


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20192438
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## SHANNON J. GREMILLION
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Shannon J. Gremillion, John E. Conery, and Candyce G. Perret, Judges.


**REVERSED.**

**Kraig Thomas Strenge**
**Lisa Diane Hanchey**
**Kraig T. Strenge, A Professional Law Corporation**
**P. O. Box 52292**
**Lafayette, LA 70505-2292**
**(337) 261-9722**
**COUNSEL FOR DEFENDANTS/THIRD PARTY**
**PLAINTIFFS/APPELLANTS:**
    **United Fire & Indemnity Company**
    **R. S. Bernard and Associates, Inc.**

**Rebecca Goforth Bush**
**Maricle & Associates**
**1 Sanctuary Boulevard, Suite 202**
**Mandeville, LA 70471**
**(985) 373-7763**
**COUNSEL FOR THIRD PARTY DEFENDANT/APPELLEE:**
    **Doug Ashy Building Materials**

**Stephen E. Broyles**
**Stephen E. Broyles, LLC**
**701 North Street**
**Baton Rouge, LA 70802**
**(225) 387-5551**
**COUNSEL FOR INTERVENOR/APPELLEE:**
    **Louisiana Home Builders' Association - Self Insurers' Fund**

**David R. Rabalais**
**The Dill Firm**
**825 Lafayette Street**
**Lafayette, LA 70502**
**(337) 261-1408**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Garden City Construction Co., Inc.**

**Sara P. Scurlock**
**Staines, Eppling & Kenney, LLC**
**3500 North Causeway Boulevard, Suite 820**
**Metairie, LA 70002**
**(504) 838-0019**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Benny Prejean Service Co., Inc.**

**Daniel M. Redmann**
**Duplass, Zwain, Bourgeois, Pfister, Weinstock & Bogart**
**3838 North Causeway Boulevard, #2900**
**Metairie, LA 70002**
**(504) 832-3700**
**COUNSEL FOR THIRD PARTY/APPELLEES:**
    **Amtrust North America, Inc.**
    **Amtrust Insurance Company of Kansas, Inc.**
    **Milford Casualty Insurance Company**

**Russell A. Woodard, Jr.**
**Attorney at Law**
**114 North Trenton Street**
**Ruston, LA 71270**
**(318) 255-4898**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Zach Bellard**

**GREMILLION, Judge.**

Third party plaintiff, R.S. Bernard and Associates, Inc., and its insurer, United Fire & Indemnity Company (collectively, "RSB"), appeal the exceptions of prematurity and prescription maintained in favor of third party defendant, Doug Ashy Building Materials (Ashy). For the reasons that follow, we reverse.

## FACTS AND PROCUDURAL POSTURE

On April 23, 2018, Mr. Zach Bellard was allegedly injured while working as a plumber at a construction site on the campus of the University of Louisiana at Lafayette (ULL) when a floor joist failed. The resultant fall caused injuries to Mr. Bellard's groin, back, neck, and other areas of his body. Mr. Bellard filed suit against a number of defendants, including RSB. Mr. Bellard's suit was filed on April 22, 2019.

The third party demand at issue was filed by RSB on April 7, 2021. That pleading asserted that RSB was one of the general contractors of the ULL project and hired ATK Construction, LLC, as the subcontractor for framing and ceiling installation. It further alleged that ATK had purchased the wood it used from Ashy. After Mr. Bellard's accident, RSB alleged, it was discovered that the joist failed because the wood was rotten or had some other defect. RSB asserted demands for warranty in redhibition and alleged that Ashy was liable under the Louisiana Products Liability Act, La.R.S. 9:2800.51- 2800.60. RSB alleged that it was entitled to tort indemnity from Ashy.

In response to RSB's third party demand, Ashy filed an exception of prematurity in which it maintained that because RSB had not been cast in judgment, its indemnity demand was premature. Ashy also filed an exception of no right or cause of action, asserting that because RSB could not demonstrate that it was free

from fault, it could not assert its demand. Lastly, Ashy filed an exception of prescription in which it asserted that, pursuant to La.Code Civ.P. art. 1041, the third party demand was filed more than ninety days after service of the main demand. This exception was predicated on the notion that the underlying claims in redhibition and products liability were prescribed.

Ashy's exceptions were heard on November 2, 2021. RSB argued that its claim was not prescribed because indemnity demands are not ripe before the putative indemnitee is cast in judgment. Its claim was not premature, the foregoing argument notwithstanding, because the Louisiana Supreme Court has held that efficiency warrants bringing the putative indemnitor into the suit to afford it an opportunity to defend against the main demand.

The trial court found that the demands must have been brought within ninety days of service of the main demand, the demand for indemnification was premature, and the redhibition and products liability demands were prescribed. The exceptions of no right and no cause of action were deemed moot. This appeal followed.

On appeal, RSB assigns three errors that may be summarized as follows: a tortious indemnity claim cannot prescribe before the indemnitee has suffered loss, i.e., been cast in judgment, and such an indemnity claim may be asserted before the indemnitee has been cast in judgment.

## ANALYSIS

*Exception of prematurity*

Incidental actions, such as third party demands, are governed by Title I, Chapter 6, of the Louisiana Code of Civil Procedure. Third party demands are governed by La.Code Civ.P. arts 1111-16. Article 1111 provides (emphasis added):

2

> The defendant in a principal action by petition may bring in any person, including a codefendant, who is his warrantor, or who is *or may be* liable to him for all or part of the principal demand.
>
> In such cases the plaintiff in the principal action may assert any demand against the third party defendant arising out of or connected with the principal demand. The third party defendant thereupon shall plead his objections and defenses in the manner prescribed in Articles 921 through 969, 1003 through 1006, and 1035. He may reconvene against the plaintiff in the principal action or the third party plaintiff, on any demand arising out of or connected with the principal demand, in the manner prescribed in Articles 1061 through 1066.

The plain language of Article 1111 states that a demand may be made against one who may be liable to a defendant for all or part of the principal demand. Further, La.Code Civ.P. art. 1113 cautions that harsh consequences could attend the failure to third-party a defendant into the action:

> A defendant who does not bring in as a third party defendant a person who is liable to him for all or part of the principal demand does not on that account lose his right or cause of action against such person, unless the latter proves that he had means of defeating the action which were not used, because the defendant either failed to bring him in as a third party defendant, or neglected to apprise him that the suit had been brought. The same rule obtains with respect to a defendant in reconvention who fails to bring in as a third party defendant a person who is liable to him for all or part of the reconventional demand.

Under the circumstances, it would have been imprudent for RSB to not name Ashy a third party defendant; had it not, Ashy could subsequently argue that it was deprived of the "means of defeating the action which were not used[.]" *See Id.*

RSB's demand against Ashy asserts that Ashy owes indemnity for any liability it might be assessed as a result of Ashy's manufacture or sale of defective lumber used in the floor joist. Louisiana law recognizes a distinction between claiming indemnity and collecting indemnity. *Reggio v. E.T.I.*, 07-1433 (La. 12/12/08), 15 So.3d 951 (Weimer, J, concurring). In other words, a party can

demand indemnity before it is entitled to indemnity by virtue of having been cast in judgment.

Our colleagues on the fifth circuit faced a similar agrument, though couched in terms of an exception of no cause of action, in *Cato v. SPS Servs., LLC*, 21-715 (La.App. 5 Cir. 12/8/21) (unpublished opinion), *writ denied*, 22-47 (La. 3/2/22), 333 So3d 837. The plaintiffs sued SPS Services for the faulty installation of a pool and a sauna. SPS filed a third party demand against Denex, its subcontractor. Denex filed an exception of no cause of action based upon the fact that SPS had not been cast in judgment and was, thus, premature. Our colleagues stated:

> The defendant in a principal action by petition may bring in any person, including a codefendant, who is his warrantor, or who is or may be liable to him for all or part of the principal demand. La. C.C.P. art. 1111; La. C.C.P. art. 1031. As noted by the First Circuit Court of Appeal in *Burns v. McDermott, Inc.*, 95-0195 (La.App. 1 Cir. 11/9/95), 665 So.2d 76, 79:
>
>> It is true that liability on the third party demand is contingent upon the result of the main demand, but this does not lead to the conclusion that such third party demands are prohibited. The codal provision authorizing third party demands, La. C.C.P. art. 1111, refutes this inference. Article 1111 permits the defendant to bring into the suit "any person ... who is or **may be** liable to him." (Emphasis added.) The contingent nature of some third party demands is specifically recognized and authorized.
>
> In *Moreno v. Entergy Corp.*, 10-2268 (La. 2/18/11), 64 So.3d 761, the Louisiana Supreme Court rejected a similar argument as the one presently raised by the relator, and specifically found that there is not an exception of no cause of action based on prematurity. Cases subsequent to *Moreno* have accordingly held that an exception of prematurity does not lie simply because a third party plaintiff has not been cast in judgment. *See, Pizani v. St. Bernard Par.*, 12-1084 (La.App. 4 Cir. 9/26/13), 125 So.3d 546, 550, *writ denied*, 13-2601 (La. 2/7/14), 131 So.3d 863.

*Id*. at p. 2.

Accordingly, RSB's demand is not premature.

*Exception of prescription*

In *Reggio*, 15 So.3d 951, E.T.I. had been hired by the New Orleans Aviation Board (NOAB) to install sound-deadening insulation in homes close to the Louis Armstrong Airport. Plaintiff was a homeowner who allegedly cut her foot when defendant broke a window and did not remove the broken glass.

Plaintiff named both NOAB, which was served with the petition, and E.T.I., which was not served. Almost three years later, NOAB filed a third-party demand against E.T.I. pursuant to a contractual indemnity provision in the contract for the insulation work. The trial court determined that the contract, in fact, contained no such provision, and that NOAB's demand alleged tortious conduct. Because the conduct alleged was tortious, it was subject to a one-year prescriptive period.

The supreme court stated:

> An action for indemnity is a separate substantive cause of action, arising at a different time, independent of the underlying tort, with its own prescriptive period. This Court defined "indemnity" in *Nassif v. Sunrise Homes, Inc.,* 98–3193, pp. 2–3 (La.6/29/99), 739 So.2d 183, 185:
>
>> Indemnity ... means reimbursement, and may lie when one party discharges a liability which another rightfully should have assumed.... It is based on the principle that everyone is responsible for his own wrongdoing, and if another person has been compelled to pay a judgment which ought to have been paid by the wrongdoer, then the loss should be shifted to the party whose negligence or tortious act caused the loss. [Citations omitted].

*Reggio*, 15 So.3d at 955 (footnote omitted).

The court went on to agree that NOAB's third party demand alleged tortious conduct and would be subject to one year's prescription; however, the court also recognized that a necessary element of prescription tolling is that the cause of action must have accrued, and the cause of action for tort indemnity does not accrue until

5

the putative indemnitee has been cast in judgment. The court concluded that NOAB's claim had not prescribed and was not premature. As NOAB had not been cast in judgment, the one-year prescriptive period had not begun to toll.

With regard to the products liability element of RSB's demand, we are persuaded by the reasoning of our colleagues on the fourth circuit in *Babin v. Planet Beach Tanning Salons, Inc.*, 08-1350 (La.App. 4 Cir. 3/25/09), 8 So.3d 780. Babin, a customer of Planet Beach in New Orleans, fell while entering a tanning bed on January 26, 2007. She sued Planet Beach a month later, on February 26, 2007. Planet Beach was served on March 2, 2007. In a March 12, 2008, deposition, plaintiff's expert opined that the accident could only have happened if the tanning bed's surface had been wet and its canopy hood had too much resistance to allow plaintiff to close it.

Planet Beach then filed its third party demand for indemnity and/or contribution against Sybaritic, the manufacturer of the tanning bed. This demand asserted that Sybaritic failed to warn it that use of the tanning bed while it is wet increases the hazard of one slipping out of it; that the possibility of one being ejected from the tanning bed existed when the canopy's resistance was higher than usual and it was wet; and that Sybaritic or companies it hired performed all repairs and maintenance on the tanning bed.

Sybaritic filed a number of exceptions, including prescription. The trial court maintained Sybaritic's exception of prescription, and Planet Beach appealed. While the appeal was pending, Babin's main demand was tried. Planet Beach was found at fault in negligently preparing the tanning bed for use and in negligently training its employees in the tanning bed's preparation for use.

6

The fourth circuit cited *Reggio*, 15 So.3d 951,[1] for the proposition that a claim for tortious indemnity does not begin to prescribe until the putative indemnitee has been cast in judgment. The distinguishing fact separating the present matter from *Babin* is that while Planet Beach asserted its third party demand before trial, the appeal was heard after Planet Beach had been cast in judgment. Nonetheless, Planet Beach was allowed to proceed with its ultimately unsuccesful indemnity claim. *See Babin v. Planet Beach Tanning Salons, Inc.*, 10-862, 10-736 (La.App. 4 Cir. 12/15/10), 54 So.3d 180, *writ denied*, 11-128 (La. 3/4/11), 58 So.3d 481.

After considering the above, we find that prescription on RSB's claims against Ashy can not begin to toll until RSB is cast in judgment; therefore, its claims are not prescribed.

## DECREE

We find that the trial court erred in maintaining Ashy's exceptions of prematurity and prescription. The judgment of the trial court maintaining the exceptions of third party defendant, Doug Ashy Building Materials is reversed, and the matter is remanded for further proceedings consistent with this opinion. All costs of this appeal are taxed to third party defendant, Doug Ashy Building Materials.

**REVERSED.**

---

[1] The fourth circuit cited the case as *Orlando v. E.T.I.*, 07–1433 (La.12/12/08), ——So.2d ——, 2008 WL 5194398.