# NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

### 2023 CA 1145

## 2-LONG, LLC AND COMPOSITE ARCHITECTURAL DESIGN SYSTEMS, LLC

## VERSUS

## BARNEY ARCENEAUX, ET AL

*DATE OF JUDGMENT:* **MAY 0 9 2024**

ON APPEAL FROM THE TWENTY THIRD JUDICIAL DISTRICT COURT
PARISH OF ASCENSION, STATE OF LOUISIANA
NUMBER 126,061, DIVISION D

HONORABLE STEVEN TUREAU, JUDGE

* * * * * *

Kim Segura Landry
Gonzales, Louisiana

Joy Cantrelle Rabalais
Jordan John Henagan
K. Elizabeth Heinen
Grant R. Schexnailder
Hunter B. Ahia
Lafayette, Louisiana

Counsel for Plaintiffs-Appellants
2-Long, LLC and Composite
Architectural Design Systems, LLC

Counsel for Defendants-Appellees
Barney Arceneaux, in his capacity
as the Mayor of Gonzales and Clay
Stafford, in his capacity as the former
City Clerk of Gonzales

* * * * * *

BEFORE: GUIDRY, C.J., CHUTZ, AND LANIER, JJ.

Disposition: REVERSED AND REMANDED.

**CHUTZ, J.**

Plaintiffs-appellants, 2-Long, LLC (2-Long) and Composite Architectural Design Systems, LLC (CAD), appeal the trial court's judgment, sustaining a peremptory exception raising the objection of prescription and dismissing the City of Gonzales (the City) from this lawsuit, which seeks indemnification based on tortious conduct. We reverse and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

This claim for tortious indemnification arises in the aftermath of an earlier lawsuit in which 2-Long and CAD were cast in judgment (the *Markerson* lawsuit). See *Markerson v. Composite Architectural Design Sys., LLC*, 2017-1252 (La. App. 1st Cir. 7/10/18), 255 So.3d 1065.[1] The following facts are derived from the petition filed by 2-Long and CAD on July 10, 2019. They aver that on August 28, 2014, 2-Long purchased property located at 1425 S. Purpera in Gonzales, Louisiana. Although originally zoned C-2 for industrial use, in 1997 the property was rezoned to B-1, which prohibits the use of the property for the preparing or selling of goods, wares, or merchandise on the premises. The property had

---

[1] Based on our review of this court's opinion in *Markerson*, 255 So.3d at 1077-78, it appears questionable whether 2-Long and CAD can prove entitlement to indemnity relief. See *Bellard v. ATK Constr., LLC*, 2022-01715 (La. 6/27/23), 366 So.3d 1253, 1255 ("[B]ecause the party seeking indemnification must be without fault, a weighing of the relative fault of tortfeasors has no place in the concept of indemnity."). See also *Hamway v. Braud*, 2001-2364 (La. App. 1st Cir. 11/8/02), 838 So.2d 803, 806 ("[A] party who is actually negligent or actually at fault cannot recover tort indemnity."). But evidence is inadmissible in the disposition of a peremptory exception raising the objection of no cause of action. See La. C.C.P. art. 931. See also *Jameson v. Montgomery*, 2022-01784 (La. 5/5/23), 366 So.3d 1210, 1215 ("In deciding an exception of no cause of action, a court is to consider the petition, alone, and no evidence may be introduced to support or controvert the exception; as such, all well-pleaded allegations of fact are accepted as true."). We are also mindful that a motion for summary judgment has not been asserted. See e.g., *Babin v. Planet Beach Tanning Salons, Inc.*, 2010-0862 (La. App. 4th Cir. 12/15/10), 54 So.3d 180, 184-85, writ denied, 2011-0128 (La. 3/4/11), 58 So.3d 481 (ample factual testimony from the trial of the underlying claim, which was offered as evidentiary support in defendant's motion for summary judgment, established claimant at fault for negligence so as to support the dismissal of the indemnity claim). Therefore, in light of the allegations of the petition filed by 2-Long and CAD, we presume that the petition states a cause of action for indemnification relief based on tortious conduct and limit our review solely to the issue of whether the claim is prescribed.

2

allegedly sold at least one time since the zoning changed to B-1 but continued to be used in an industrial capacity under the nonconforming use ordinance.

According to the petition, during 2-Long's acquisition of the property, CAD approached 2-Long seeking to lease the property for the commercial purpose of fabricating aluminum composite material (ACM) on the site. 2-Long agreed to lease the property to CAD but only if the City issued to CAD a certificate of occupancy as required by the Zoning Ordinances for the City.[2] CAD applied to the City for a certificate of occupancy, advising that it intended to occupy the premises for the commercial purpose of fabricating ACM. Through its clerk, Clay Stafford, the City issued a certificate of occupancy to CAD for the purpose of conducting its business of fabricating ACM on the premises under the nonconforming use exception of Sec. 22-6 of the City's Code of Ordinances in effect on August 28, 2014.[3]

The petition further claims that Chris and Amy Markerson subsequently sued 2-Long and CAD, seeking an injunction prohibiting CAD's continued use of the property as well as damages for nuisance and unfair trade practices.[4] A

---

[2] In their petition, 2-Long and CAD refer to a "certificate of occupancy" and an "occupational license as required by the Zoning Ordinance" interchangeably. This court noted that a "retail occupational" business license was issued to CAD from the City. See *Markerson*, 255 So.3d at 1069. Because the parties have raised no contentions distinguishing a certificate of occupancy from an occupational license, for purposes of this appeal, we presume that the two references are to the same item. For consistency, we refer to the item as a certificate of occupancy.

[3] 2-Long and CAD maintain that the applicable version of Sec. 22-6 allowed for nonconforming use of a building in existence at the time of the enactment or amendment of Chapter 22 but specified the instances in which the exception would cease. The petition also references Sec. 22-19 in effect on August 28, 2014, stating that the provisions "authorized the building inspector appointed by the city's council to issue certificates of occupancy when a change in the use or occupancy of land was made" and "required the building inspector to determine [that] the new occupancy complied with all provisions of Chapter 22-Zoning before issuing the certificate of occupancy." In their averments, 2-Long and CAD set forth that Chapter 22 of the code in effect on August 28, 2014 "did not provide who had the authority to make a determination of a [nonconforming use] under Sec. 22-6, but set forth specific guidelines for application of the exception." The record does not contain a copy of any provisions of the applicable Code of Ordinances.

[4] The Markersons also sought and were granted a writ of mandamus against the City directing the enforcement of the zoning ordinance on the property owned by 2-Long and occupied by CAD. See *Markerson*, 255 So.3d at 1070.

3

judgment was rendered against 2-Long and CAD, in solido, on May 10, 2017, awarding damages of $20,000.00 to each of the Markersons for nuisance violations of the nonconforming use of the property; $1,049.99 in damages and $90,823.00 in attorney fees under the Louisiana Unfair Trade Practices Act (LUTPA); and court costs. 2-Long and CAD suspensively appealed the judgment.

In their indemnification based on tortious conduct petition, 2-Long and CAD named as defendants Stafford, in his capacity as the City's administrator/clerk, and Barney Arceneaux "in his official capacity as the Mayor of the City." 2-Long and CAD alleged that Stafford made the decision to grandfather CAD's nonconforming commercial use of the property under Sec. 22-6 of the City's Code of Ordinances in effect on August 28, 2014, making no effort to ascertain whether the provisions of Sec. 22-6 applied when he issued the certificate of occupancy. 2-Long and CAD averred that Mayor Arceneaux, "in his official capacity for the City," authorized Stafford to improperly issue the certificate of occupancy to CAD under the nonconforming use exception of Sec. 22-6 without abiding with the provisions of Sec. 12-19.

The July 10, 2019 petition also alleged that the City refused to allow CAD to continue "any occupancy," which forced CAD to move all its equipment and office contents from the property and no longer lease from 2-Long. 2-Long and CAD also contended that the City failed to abide by the provisions of Sec. 22-19, improperly refusing to issue or allow continued occupancy under the previous certificate to CAD, which prevented CAD from leasing the property from 2-Long regardless of whether CAD's occupancy and use complied with all provisions of Chapter 22 of the Code of Ordinances. 2-Long and CAD sought indemnification from the City for defending the suit brought by the Markersons, appealing the judgment, and payment of the judgment. They also claimed that the City was responsible for

4

damages for loss of rental income, loss of sales, loss of business income, and the cost of moving the fabrication shop and supplies.

Mayor Arceneaux and Stafford answered the lawsuit, generally denying the allegations of 2-Long and CAD, and then filed peremptory exceptions raising objections of no cause of action and prescription. On October 27, 2022, 2-Long and CAD filed a supplemental and amending petition, expressly naming the City as a defendant. The pleading reasserted and realleged all facts, causes of action, and the prayer for relief set forth in their July 10, 2019 original petition without including additional allegations. The trial court granted 2-Long and CAD leave to file the amending petition on October 31, 2022. After the amending petition had been filed, the trial court signed a judgment on November 7, 2022, overruling the exception of no cause of action but sustaining the exception of prescription and dismissing Stafford and Mayor Arceneaux from the lawsuit.[5]

The City filed a peremptory exception raising the objection of prescription on December 8, 2022, challenging the timeliness of the amended petition. After a hearing on July 26, 2023, the trial court sustained the exception. On August 7, 2023, the trial court signed a judgment in conformity with its ruling, which dismissed the City from the lawsuit with prejudice. This appeal by 2-Long and CAD followed.

## DISCUSSION

A peremptory exception raising the objection of prescription is strictly construed against prescription and in favor of the claim that is said to be extinguished. See *Reggio v. E.T.I.*, 2007-1433 (La. 12/12/08), 15 So.3d 951, 954. La. C.C.P. art. 931 expressly allows evidence to be introduced to support or

---

[5] The City suggests the trial court sustained the exception of prescription in open court at the hearing held on October 24, 2022, but the appellate record does not contain either a transcript or a minute entry from the hearing. 2-Long and CAD did not appeal the trial court's November 7, 2022 judgment.

controvert a peremptory exception pleaded, when the grounds thereof do not appear from the petition. If no evidence is submitted at the hearing, the exception must be decided upon the facts alleged in the petition with all of the allegations accepted as true. When evidence is introduced at the hearing, a court need not accept the allegations of the petition as true, and the trial court's decision is reviewed under a manifest error-clearly wrong standard of review. A caveat to this rule is that, even when evidence is introduced, when there is no dispute regarding material facts, the reviewing court is to apply a de novo standard of review, and give no deference to the trial court's legal conclusions. See *Mitchell v. Baton Rouge Orthopedic Clinic, L.L.C.*, 2021-00061 (La. 10/10/21), 333 So.3d 368, 373.

Although evidence was introduced by 2-Long and CAD supporting their assertion that they suspensively appealed the judgment against them in favor of the Markersons, no other evidence was submitted. Thus, there is no dispute regarding the material facts, including the timeline, and we apply a de novo standard of review.

2-Long and CAD characterize their claim as one that seeks indemnity from the City for the actions of its clerk and mayor as a result of the judgment rendered against them in the *Markerson* lawsuit. As such, they preliminarily maintain their petition was timely asserted against Stafford and Mayor Arceneaux. 2-Long and CAD further assert that their amended petition, naming the City as a defendant to their lawsuit, related back to the timely asserted indemnity claim against Stafford and Mayor Arceneaux. Thus, 2-Long and CAD contend the trial court's dismissal of the City from their lawsuit was erroneous.

An action for indemnity is a separate substantive cause of action, arising at a different time, independent of the underlying tort, with its own prescriptive period. Indemnity means reimbursement, and may lie when one party discharges a liability

6

which another rightfully should have assumed. It is based on the principle that everyone is responsible for his own wrongdoing, and if another person has been compelled to pay a judgment which ought to have been paid by the wrongdoer, then the loss should be shifted to the party whose negligence or tortious act caused the loss. *Reggio*, 15 So.3d at 955.

Prescription begins to run on a claim for indemnification based on tortious conduct when the indemnity claimant suffers the loss or damage, at the time of the payment of the underlying claim, payment of a judgment thereon, or payment of a settlement thereof by the party seeking indemnity, i.e., when the judgment has been cast. *Reggio*, 15 So.3d at 957. In other words, prescription does not commence until the party claiming indemnity is responsible for a judgment, or actually discharges a liability for which defendant is responsible. See *Reggio*, 15 So.3d at 958. Indemnification based on tortious conduct has a one-year prescriptive period. See *Reggio*, 15 So.3d at 957. See also La. C.C. art. 3492 ("Delictual actions are subject to a liberative prescription of one year.").

The undisputed facts show that 2-Long and CAD were cast in judgment against the Markersons on May 10, 2017. They timely filed suspensive appeals. On July 10, 2018, although the LUTPA relief was reversed, this court affirmed the awards of damages of $20,000.00 to each of the Markersons for nuisance violations, casting 2-Long and CAD in judgment in solido. See *Markerson*, 255 So.3d at 1078. Thus, as of July 10, 2018, an enforceable judgment existed against 2-Long and CAD, and prescription on their claim for indemnification based on tortious conduct commenced. The suit filed by 2-Long and CAD, asserting their indemnity claim in the lawsuit which named Stafford and Mayor Arceneaux as defendants, was filed on July 10, 2019, one year after the appellate disposition in

7

the *Markerson* lawsuit, and, therefore, was timely instituted. See *Reggio*, 15 So.3d at 957-58.

We turn now to whether the amended petition, expressly adding the City as a defendant, related back to the July 10, 2019 petition that 2-Long and CAD filed, which named Stafford and Mayor Arceneaux as defendants. According to La. C.C.P. art. 1153, "When the action ... asserted in the amended petition ... arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading." The purpose of Article 1153 is to allow amendment of pleadings despite technical prescriptive bars when the original pleading gives the parties fair notice of the general fact situation out of which the amended claim or defense arises. Generally, the article does not authorize the addition of a new defendant as a mere "amendment" relating back to the time of the original petition since the defendant has not received notice of the claim against him by virtue of the original petition. *Stevens v. Charter Crude Oil Co.*, 470 So.2d 535, 537 (La. App. 1st Cir.), writ denied, 475 So.2d 358 (La. 1985).

The Louisiana Supreme Court has established the following criteria for determining whether Article 1153 allows an amendment that changes the identity of the party or parties sued to relate back to the date of filing of the original petition:

> (1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;

> (2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;

> (3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him; and

8

(4) The purported substitute defendant must not be a wholly new or unrelated defendant.

See *Ray v. Alexandria Mall*, 434 So.2d 1083, 1086-87 (La. 1983).

The doctrine of relation back of amended pleadings should be liberally applied, particularly in the absence of prejudice. Where there is some factual connexity between the original and amended assertions, together with some identity of interest between the original and the additional or supplemental parties, amendment should be allowed. *Taylor-Haynes v. Tropicana Entm't LLC*, 2023-0558 (La. App. 1st Cir. 11/15/23), 379 So.3d 688, 695.

It is clear that the first amended petition arose out of the same transaction or occurrence, namely indemnification based on tortious conduct, i.e., the conduct of Stafford and Mayor Arceneaux while working under the authority of the City. Indeed, the original petition identifies the City as an actor whose conduct gave rise to the damages 2-Long and CAD contend they are owed. And in naming the City as a defendant in their amended petition, 2-Long and CAD realleged their original allegations without adding any additional allegations. Thus, it is evident that the first *Ray* criterion is met.

The prevention of prejudice to the defendant in preparing and conducting its defense is the "gravamen" of the second *Ray* criterion. A fundamental purpose of prescriptive statutes is to protect a defendant from stale claims and from the loss or non-preservation of relevant proof. To avoid such prejudice, the second *Ray* criterion concerns whether the newly added defendant received notice of the institution of the action. An inference of notice may arise, and the amendment may relate back, where an identity of interest exists between the originally named defendant and the party the plaintiff intended to sue. Thus, the institution of the action against one will serve to provide notice of the litigation to the other. Sufficiency of the identity of interests depends upon the closeness of the

9

relationship between the parties in their business operations and other activities. *Taylor-Haynes*, 379 So.3d at 695, citing *Findley v. City of Baton Rouge*, 570 So.2d 1168, 1170-71 (La. 1990). The relationship between the entities must be of such a close nature that there is an inference of notice. *Taylor-Haynes*, 379 So.3d at 695.

The City received actual notice of the lawsuit when service was made upon Mayor Arceneaux, who is a proper representative for service on behalf of the City. See La. C.C.P. art. 1265.[6] And while Mayor Arceneaux was named as a defendant, it was "in his official capacity as the Mayor of the City," alerting the City as to the claims being asserted against it. Additionally, given the allegations of the original petition, the City was on notice of the claims against its employee Stafford "in his capacity as the Administrator/City Clerk" for whom the City may have born liability.[7] Therefore, an identity of interest exists between Stafford and Mayor Arceneaux and the City, the latter of whom 2-Long and CAD intended to sue. The City is not prejudiced in maintaining its defense against the allegations asserted by 2-Long and CAD. The undisputed, close connection between Stafford and Mayor Arceneaux and the City also supports a finding that the City was not a wholly new

---

[6] La. C.C.P. art. 1265 provides:

> Service of citation or other process on any political subdivision, public corporation, or state, parochial or municipal board or commission is made at its office by personal service upon the chief executive officer thereof, or in his absence upon any employee thereof of suitable age and discretion. A public officer, sued as such, may be served at his office either personally, or in his absence, by service upon any of his employees of suitable age and discretion.
>
> If the political entity or public officer has no established office, then service may be made at any place where the chief executive officer of the political entity or the public officer to be served may be found.

[7] See La. C.C. art. 2320 (imposing vicarious liability against an employer for the torts of its employee). See also *Baumeister v. Plunkett*, 95-2270 (La. 5/21/96), 673 So.2d 994, 996 (noting that an employer is liable for a tort committed by his employee if, at the time, the employee was acting within the course and scope of his employment, but pointing out the tortious conduct of the employee must be so closely connected in time, place, and causation to his employment duties as to be regarded as a risk of harm fairly attributable to the employer's business, as compared with conduct instituted by purely personal considerations entirely extraneous to the employer's interest).

10

or unrelated defendant (fourth *Ray* criterion) and should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against it (third *Ray* criterion).

Accordingly, we conclude that all of the *Ray* criteria are met and, therefore, the amending petition of 2-Long and CAD naming the City as a defendant relates back to the July 10, 2019 filing of the claim for indemnification based on tortious conduct that named Stafford and Mayor Arceneaux as defendants. The trial court erred in concluding the indemnity claim against the City was prescribed.

## DECREE

For these reasons, we reverse the trial court's judgment, sustaining the City's peremptory exception raising the objection of prescription and dismissing the City from this lawsuit filed by plaintiffs-appellants, 2-Long, LLC and Composite Architectural Design Systems, LLC. Appeal costs in the amount of $1,104.50 are assessed against the defendant-appellee, City of Gonzales.

**REVERSED AND REMANDED.**